O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHALON E. GOODLOW, | ) Case No. CV 10-6446-SP |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM OPINION AND** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) **ORDER** |
| Defendant. | ) |

**I.**

**INTRODUCTION AND SUMMARY**

On September 7, 2010, plaintiff Shalon E. Goodlow filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of disability insurance benefits ("DIB") and supplemental security income ("SSI"). Docket No. 3.

On March 10, 2011, defendant filed his answer, along with a certified copy of the administrative record. Docket Nos. 12, 13.

On April 15, 2011, this matter was transferred to the calender of the undersigned Magistrate Judge. Docket No. 23. Both plaintiff and defendant subsequently consented to proceed for all purposes before the Magistrate Judge

1 pursuant to 28 U.S.C. § 636(c). Docket Nos. 26, 27.

2 Pursuant to a September 7, 2010 case management order, the parties 3 submitted a detailed, 17-page joint stipulation for decision on June 14, 2011. 4 Docket No. 29. The court deems the matter suitable for adjudication without oral 5 argument.

6 In sum, having carefully studied, inter alia, the parties' joint stipulation and 7 the administrative record, the court concludes that, as detailed herein, the 8 Administrate Law Judge ("ALJ") failed to make specific findings of the relation of 9 plaintiff's residual functional capacity to the physical and mental demands of her 10 past relevant work. Therefore, the court remands this matter to the Commissioner in 11 accordance with the principles and instructions enunciated in this Memorandum 12 Opinion and Order.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

15 Plaintiff, who was 43 years old on the date of her January 26, 2010 16 administrative hearing, has a high school education and vocational certification for 17 computer technology. *See* Administrative Record ("AR") at 28, 32, 33, 98, 105, 18 123. Her past relevant work includes employment as a security guard. *Id.* at 35, 19 118, 147.

20 On June 17, 2008, plaintiff filed applications for DIB and SSI, alleging that 21 she has been disabled since August 23, 2007 due to back, neck, and knee problems. 22 *See* AR at 11, 56, 96-104, 105-07. Plaintiff's applications were denied initially and 23 upon reconsideration, after which she filed a request for a hearing. *Id.* at 52, 53, 54, 24 55, 56-60, 64-68, 69-70, 71-72.

25 On January 26, 2010, plaintiff, represented by counsel, appeared and testified 26 at a hearing before the ALJ. AR at 28-46, 50. The ALJ also heard testimony from 27 Randi Hetrick, a vocational expert ("VE"). *Id.* at 46-49.

28 On February 12, 2010, the ALJ denied plaintiff's request for benefits. AR at

1  11-17. Applying the well-known five-step sequential evaluation process, the ALJ
2  found, at step one, that plaintiff has not engaged in substantial gainful activity since
3  her alleged onset date of disability. *Id.* at 13.
4      At step two, the ALJ found that plaintiff suffers from severe impairments
5  consisting of "cervical and lumbar degenerative disc disease." AR at 13 (bold
6  omitted).
7      At step three, the ALJ determined that the evidence does not demonstrate that
8  plaintiff's impairments, either individually or in combination, meet or medically
9  equal the severity of any listing set forth in the Social Security regulations.[1/] AR at
10  13.
11      The ALJ then assessed plaintiff's residual functional capacity[2/] ("RFC") and
12  determined that she can perform sedentary work with the following limitations:
13  "lift/carry 10 pounds occasionally and less than 10 pounds frequently; stand/walk 2
14  to 4 hours in an 8 hour day, 20 minutes at a time; sit about 6 hours in an 8 hour
15  workday, repositioning every 30 minutes; occasionally climb ramps/stairs, balance,
16  stoop, kneel, and crouch; never ladders/ropes or crawl; occasional handling and
17  fingering with left upper extremity and frequent handling and fingering with right
18  upper extremity; and avoid concentrated exposure to dangerous machinery and
19  unprotected heights." AR at 14 (bold omitted).
20      The ALJ found, at step four, that plaintiff is capable of performing past
21  relevant work as a security guard (Dictionary of Occupational Titles ("DOT") No.

---

[1/] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2/] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

1  372.667-034).  AR at 16.  Thus, the ALJ concluded that plaintiff was not suffering
2  from a disability as defined by the Social Security Act.  *Id.* at 11, 17.
3       Plaintiff filed a timely request for review of the ALJ's decision, which was
4  denied by the Appeals Council.  AR at 1-3, 4-6.  The ALJ's decision stands as the
5  final decision of the Commissioner.

## III.

## STANDARD OF REVIEW

8       This court is empowered to review decisions by the Commissioner to deny
9  benefits.  42 U.S.C. § 405(g).  The findings and decision of the Social Security
10 Administration must be upheld if they are free of legal error and supported by
11 substantial evidence.  *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).
12 But if the court determines that the ALJ's findings are based on legal error or are
13 not supported by substantial evidence in the record, the court may reject the findings
14 and set aside the decision to deny benefits.  *Aukland v. Massanari*, 257 F.3d 1033,
15 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).
16      "Substantial evidence is more than a mere scintilla, but less than a
17 preponderance."  *Aukland*, 257 F.3d at 1035.  Substantial evidence is such "relevant
18 evidence which a reasonable person might accept as adequate to support a
19 conclusion."  *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276
20 F.3d at 459.  To determine whether substantial evidence supports the ALJ's finding,
21 the reviewing court must review the administrative record as a whole, "weighing
22 both the evidence that supports and the evidence that detracts from the ALJ's
23 conclusion."  *Mayes*, 276 F.3d at 459.  The ALJ's decision "'cannot be affirmed
24 simply by isolating a specific quantum of supporting evidence.'"  *Aukland*, 257 F.3d
25 at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  If the
26 evidence can reasonably support either affirming or reversing the ALJ's decision,
27 the reviewing court "'may not substitute its judgment for that of the ALJ.'"  *Id.*
28 (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## ISSUE PRESENTED

A single disputed issue is presented for decision here: whether the ALJ's determination at step four – that plaintiff is capable of performing past relevant work as a security guard – is consistent with plaintiff's RFC and supported by substantial evidence. Joint Stipulation ("JS") at 3-11, 11-14, 14-15.

## V.

## DISCUSSION

Plaintiff argues that "the ALJ's finding[, at step four,] that [plaintiff] can return to her past relevant work as a security guard is without merit." *See* JS at 4. Specifically, plaintiff does not challenge the ALJ's finding regarding her RFC (*id.*), but instead argues that her past relevant work – as it is generally performed and as she performed it – requires work-related activities precluded by her RFC. *Id.* at 7, 9, 15.

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed or as generally performed in the national economy.'" *Carmickle v. Comm'r*, 533 F.3d 1155, 1166 (9th Cir. 2008) (citation omitted). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001). The ALJ must make specific findings as to: (1) "the claimant's residual functional capacity"; (2) "the physical and mental demands of the past relevant work"; and (3) "the relation of the residual functional capacity to the past work." *Id.* at 845; Social Security Ruling ("SSR") 82-62.[3/] But the ALJ is not required to

---

[3/] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give

make "explicit findings at step four regarding a claimant's past relevant work both as generally performed *and* as actually performed." *Pinto*, 249 F.3d at 845.

Here, the ALJ failed to make specific findings as to the relation of plaintiff's RFC to her past work. The ALJ's finding at step four – that plaintiff is "able to perform [her past relevant work] as actually and generally performed (AR at 17) – was terse, conclusory, and devoid of any explanation for his finding. *See id.* at 16-17; *see also Carmickle*, 533 F.3d at 1167 ("the ALJ always has a duty to make the requisite factual findings to support his conclusion at step four" (internal quotation marks and citation omitted)). Further, to the extent the ALJ did give any hint of the basis for his findings, they appear contradictory.

As noted above, in assessing plaintiff's RFC, the ALJ found that plaintiff could perform sedentary level work with various limitations. The ALJ then proceeded to find plaintiff "capable of performing past relevant work as a security guard (372.667-034) SVP 3, light," both "as actually and generally performed." AR at 16-17. The parties agree, and this court finds, that the DOT description of security guard work as generally performed is light work (JS at 5-6, 12), and defendant concedes that the ALJ's RFC assessment of plaintiff "would be inconsistent with the requirements of the [security guard] position as it is generally performed in the economy." *Id.* at 12. Yet the ALJ determined plaintiff capable of working as a security guard as "generally performed," and cited to the relevant DOT section, without including any findings or explanation for how he determined that a plaintiff he found limited to performing sedentary work was nonetheless capable of performing the light work generally required of a security guard.

Defendant argues that the record supports the ALJ's finding that plaintiff is

---

them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

1 capable of performing her past work as she actually performed it. This court
2 disagrees. The ALJ made no specific findings regarding the physical and mental
3 demands of plaintiff's past work as she actually performed it, nor did he make
4 specific findings regarding the relation of plaintiff's RFC to her past work as she
5 actually performed it. *See* AR at 16-17. The ALJ simply referenced the VE's
6 testimony in a conclusory fashion to find plaintiff could perform this work. *Id.* at
7 17. Under these circumstances, "the court has no basis on which to review the
8 agency's decision" that plaintiff could perform her past relevant work. *Carmickle*,
9 533 F.3d at 1167; *see also Pinto*, 249 F.3d at 847 ("Requiring the ALJ to make
10 specific findings on the record at each phase of the step four analysis provides for
11 meaningful judicial review." (citation omitted)). Accordingly, reversal and remand
12 for further administrative proceedings is appropriate.

## VI.
## **REMAND IS APPROPRIATE**

15     The decision whether to remand for further proceedings or reverse and award
16 benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888
17 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further
18 proceedings, or where the record has been fully developed, it is appropriate to
19 exercise this discretion to direct an immediate award of benefits. *See Benecke v.*
20 *Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172,
21 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns
22 upon their likely utility). But where there are outstanding issues that must be
23 resolved before a determination can be made, and it is not clear from the record that
24 the ALJ would be required to find plaintiff disabled if all the evidence were
25 properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96;
26 *Harman*, 211 F.3d at 1179-80.
27     Here, as set out above, remand is appropriate because the ALJ erred in failing
28 to make specific findings as to the relation of plaintiff's RFC to her past work, as

7

generally or actually performed. In short, the record has not been fully developed. On remand, the ALJ shall reevaluate the physical and mental demands of plaintiff's past work – as generally performed, as actually performed, or both – and either find them consistent or inconsistent with plaintiff's RFC. In either case, the ALJ shall provide an explanation for this finding with references to the usual sources of evidence as to the physical and mental demands of plaintiff's past work. In addition, if necessary, the ALJ shall proceed to step five to determine if plaintiff can perform other work existing in significant numbers in the national economy.

## VII.
## CONCLUSION

IT IS THEREFORE ORDERED THAT Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

DATED: August 9, 2011

_____

HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE

8